# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DANIEL OSEI**<br><br>**Plaintiff,**<br><br>v.<br><br>**CITY OF LITHONIA & DAVID WILBON,** in his individual capacity<br><br>**Defendants.** | **CIVIL ACTION FILE NO.**<br><br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Plaintiff DANIEL OSEI files this Complaint against the above-named Defendants and in support thereof states as follows:

### I. INTRODUCTION

1. On the evening of September 26, 2019 Mr. Osei (herein after Plaintiff), along with his female passenger was accosted by a Lithonia Police Officer, Officer David Wilborn (herein after Defendant Wilborn) at Lithonia Park.

2. Defendant unlawfully searched and detained Plaintiff for approximately thirty (30) minutes, while Defendant raped Plaintiff's female passenger.

3. The Plaintiff suffered and continues to suffer severe mental anguish and severe emotional distress as a result of his illegal detention.

4. Plaintiff seeks compensatory and punitive damages.

TRIAL BY JURY IS DEMANDED.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims under the U.S. Constitution, which are brought both directly and under 42 U.S.C. 1983.

6. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2). A substantial part of the events giving rise to this Complaint occurred within this District.

### III. PARTIES

8. At all times relevant hereto, Plaintiff **DANIEL OSEI** was a resident of the State of Georgia and a Citizen of the United States of America.

9. At all times relevant hereto, Defendant **DAVID WILBORN** was a citizen of the United States and a resident of the State of Georgia and was acting under color of state in his capacity as a law enforcement officer employed by the City of Lithonia. Defendant Wilborn is being sued in his individual capacity.

10. **THE CITY OF LITHONIA**, Georgia is an entity, corporate and political, duly organized under the laws of the State of Georgia. The City of Lithonia is the governmental entity responsible, as a matter of law, for the actions of its officials, agents, and employees, and was responsible for their training, supervision, and conduct. The City of Lithonia is also responsible for ensuring that its police personnel obey the laws of the State of Georgia and ensuring that its rules and regulations are followed and enforced.

## IV. STATEMENT OF BACKGROUND FACTS

11. On the evening of September 26, 2019, Plaintiff, a United States solider, along with a female passenger was accosted by a Lithonia Police Officer, Defendant Wilborn, in Lithonia Park. Defendant Wilborn blocked Plaintiff's car in such a manner that Plaintiff was unable to move his car to leave. Defendant Wilborn accused Plaintiff and his female passenger of having sex in the park- without seeing the two individuals engage in any sexual acts.

12. After Plaintiff denied the accusation of having sex in the park, Defendant Wilborn instructed Plaintiff to exit his vehicle. Upon exiting the vehicle, Plaintiff was searched and told to kneel in front of his car with his hands up.

13. Defendant Wilborn also instructed Plaintiff's female passenger, a few seconds later, to exit the vehicle. Defendant Wilborn escorted Plaintiff's female passenger to the rear of Plaintiff's car; whereby he being to have a conversation with her.

14. Upon hearing Defendant Wilborn tell the female passenger to get out of the car, Plaintiff tried to turnaround to see where Defendant Wilborn was taking the female passenger and check on her safety. However, Defendant Wilborn saw Plaintiff observing his actions and returned to the front of the car yelling to, " Get your face on the motherfucking dirt!"

15. Despite not being handcuffed, Plaintiff was terrified to move from the position on the ground once Defendant Wilborn returned to the rear of the car again. Plaintiff believed that Defendant Wilborn was going to kill him if he moved. Defendant Wilborn stayed at the rear of the car with the female passenger for approximately fifteen (15) minutes before he engaged the Plaintiff again.

16. After laying on the ground for about 15 minutes, Plaintiff was told by Defendant Wilborn that if he admits to having sex in the park that the female passenger would be let go. Plaintiff told Defendant Wilborn again that he did not have sex in the park and was not going to admit to it. Defendant Wilborn left Plaintiff on the ground as he proceeded to move to the rear of Plaintiff's car for the third time.

17. Defendant Wilborn continued to hold the female passenger behind Plaintiff's car for an additional 10-15 minutes before allowing her to return to the front of the car.

18. Once the female passenger returned to the front of the car, Defendant Wilborn moved to the location where Plaintiff was positioned on the ground. Defendant Wilborn informed Plaintiff he could go and stated to the female passenger " I hoped nothing happened."

19. Plaintiff and the female passenger were not allowed to leave immediately because they had to wait on Defendant Wilborn to move his patrol car so they could exit.

20. It was not until a few hours later that the Plaintiff learned Defendant Wilborn had raped the female passenger behind his car while he was face down on the ground.

21. After the female passenger filed a complaint against Defendant Wilborn with the City of Lithonia Police Department, Defendant Wilborn admitted to his supervisor that he was at Lithonia Park the night of the incident and that he had sex with a woman; however, Defendant Wilborn alleged the sex was consensual.

22. An arrest warrant for Defendant Wilborn was issued by Dekalb County stemming from the incident on September 26th, 2019. Defendant Wilborn was charged with 1. Rape, 2. Aggravated Assault, 3. False Imprisonment, 4. Possession of firearm or knife during commission of or attempt to commit certain crimes (only upon), 5. False Imprisonment, and 6. Violation of oath by public officer.

23. Prior to becoming a Lithonia police officer in July of 2017, Defendant Wilborn was employed as a police officer for the Atlanta Police Department from June 2008 until his voluntary resignation in April 2008.

24. Subsequently before Defendant Wilborn tenured his resignation, he was under investigation by the Atlanta Police Department (herein after APD) and Georgia Peace Officer Standards and Training Council (herein after POST) for sexual misconduct while on duty.

25. Defendant Wilborn admitted and was found to have entered an Atlanta area lingerie shop on August 22nd, 2007 while in uniform and on-duty; whereby he followed a female worker to a back room. Defendant Wilborn unzipped his pants and masturbated in front of the female worker and touched the front of her thigh.

26. APD recommended Defendant Wilborn be terminated; and the probable cause committee of POST recommended his certificate be revoked. However, after Defendant Wilborn filed for a reconsideration, POST final decision was to suspend his certificate for 24 months. Defendant Wilborn certificate was reinstated July 23, 2010 with a 24-month probationary period.

27. Despite Defendant Wilborn's prior sexual misconduct and other violation, then Lithonia Police Chief still hired Defendant Wilborn.

28. The Lithonia Police Chief failed to screen or inadequately screened Defendant Wilborn prior to hiring. If Defendant City adequately screened Defendant Wilborn, they would have discovered the depth of Defendant Wilborn's prior sexual misconduct while on duty for APD.

29. Then Lithonia Police Chief isolated decision to hire Defendant Wilborn without adequate screening, reflected a conscious disregard for a high risk that Defendant Wilborn would engage in sexual misconduct while on duty.

30. Defendant Wilborn was employed with the Lithonia Police Department, as a police officer, from July 21st, 2017 until September 27th, 2019.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Unlawful Seizure in violation of the Fourth Amendment

31. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 of this Complaint.

32. 42 U.S.C. § 1983 provides that:

> "Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…"

33. Plaintiff in this action is a citizen of the United States and Defendant Wilborn is a person for purposes of 42 U.S.C. § 1983.

34. Defendant Wilborn, at all times relevant hereto, were acting under the color of state law in his capacity as Lithonia Police Department Law Enforcement Officer and his acts or omissions were conducted within the scope of his official duties or employment.

35. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure.

36. Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

37. Defendant Wilborn's actions as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

38. Defendant Wilborn's actions as described herein, were malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. Defendant Wilborn's actions shocks the conscience and violated the Fourth Amendments rights of Plaintiff.

39. Defendant Wilborn unlawfully caused the seizure of Plaintiff by means of objectively unreasonable, unlawful and conscious shocking physical force, thereby unreasonably restraining the Plaintiff of his freedom.

40. Defendant Wilborn engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

41. Defendant Wilborn did so with shocking and willful indifference to Plaintiff's rights and the conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

42. The acts or omissions of Defendant Wilborn were moving forces behind the Plaintiff's injuries.

43. The acts or omissions of Defendant Wilborn as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

44. Defendant Wilborn is not entitled to qualified immunity for his actions.

45. As a proximate result of Defendant Wilborn's unlawful conduct, Plaintiff has suffered emotional injuries and other damages as described herein entitling him to compensatory damages.

46. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

47. Plaintiff is entitled to punitive damages against Defendant Wilborn individually under 42 U.S.C. § 1983, in that the actions by Defendant Wilborn were maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Failure to Screen or Inadequate Screening

48. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 of this Complaint.

49. 42 U.S.C. § 1983 provides that:

> "Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…"

50. Plaintiff in this action is a citizen of the United States and Defendant City of Lithonia is a person for purposes of 42 U.S.C. § 1983.

51. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure.

52. Any reasonable "Policy Maker or Final Decision Maker" knew or should have known that hiring an officer who has engaged in prior sexual misconduct while on duty, that a high risk exist that officer would engage in sexual misconduct while on duty again.

54. At all times relevant, then Lithonia Police Chief was a "Policy Maker or Final Decision Maker" for the City of Lithonia.

55. Defendant City of Lithonia's actions as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

56. Defendant City of Lithonia's actions as described herein, were malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

57. Defendant City of Lithonia unlawfully caused the seizure of Plaintiff by means of objectively unreasonable, unlawful and conscious shocking physical force, thereby unreasonably restraining the Plaintiff of his freedom.

58. Defendant City of Lithonia engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

59. Defendant City of Lithonia did so with shocking and willful indifference to Plaintiff's rights and the conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

60. The acts or omissions of Defendant City of Lithonia were moving forces behind the Plaintiff's injuries.

61. The acts or omissions of Defendant City of Lithonia as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

62. As a proximate result of Defendant City of Lithonia's unlawful conduct, Plaintiff has suffered emotional injuries and other damages as described herein entitling him to compensatory damages.

63. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

## SECOND CLAIM FOR RELIEF
## OCGA § 51-7-20 - False Imprisonment

64. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 of this Complaint.

65. OCGA § 51-7-20 provides that:

" False Imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty."

66. On September 26th, 2019, Defendant Wilborn accosted Plaintiff and his female passenger and accused them of having sex in the park- without seeing the two individuals engage in any sexual acts.

67. Subsequently after Plaintiff denied any wrongdoing, Defendant Wilborn unlawfully detained Plaintiff.

68. Defendant Wilborn originally told Plaintiff to kneel in the front of his car before making Plaintiff lie face down on the ground.

69. After Plaintiff lied face down on the ground for approximately thirty (30) minutes, Defendant Wilborn informed Plaintiff he could leave.

## THIRD CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress
### (Georgia Common Law)

70. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 of this Complaint.

71. Under Georgia's Common Law in a cause of action for intentional infliction of emotional distress, a plaintiff must demonstrate that: (1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. The defendant's conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law. *Frank v. Fleet Finance Inc. of Ga.*, 238 Ga. App. 316 (1999); *Steed v. Federal Nat. Mtg. Corp.*, 301 Ga. App. 801 (2009); *Racette v. Bank of America, N. A.*, 318 Ga. App. 171 (2012).

72. Defendant Wilborn willful acts constitute outrageous conduct insofar as they were intended to cause physical harm to the Plaintiff.

73. Defendant Wilborn intended to cause the Plaintiff emotional distress, and/or acted in reckless disregard of the probability of causing the Plaintiff emotional distress in committing these acts.

74. As a direct and proximate result of the actions of Defendant Wilborn, Plaintiff suffered and continues to suffer severe mental anguish and emotional distress.

## FOURTH CLAIM FOR RELIEF
### Negligent Hiring and Retention
### (Georgia Common Law)

75. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 of this Complaint.

76. Under Georgia's Common Law in a cause of action for negligent hiring and retention, plaintiff must demonstrate that:  "the employer knew or should have known of the employee's propensity to engage in the conduct which caused the plaintiff's injury." *Grand Union Co. v. Miller*, 232 Ga.App. 857, 863(6), 503 S.E.2d 49 (1998); *Kemp v. Rouse -Atlanta, Inc.*, 207 Ga.App. 876, 878(1), 429 S.E.2d 264 (1993).

77. Defendant Wilborn was hired by the Lithonia Police Department, as a peace officer after his background checked detailed his prior sexual misconduct while employed as an Atlanta Police officer in 2007.

78. The Lithonia Police Department should have seen, in their background check, that in 2007, Defendant Wilborn, while in uniform and on-duty with the Atlanta Police Department, unzipped his pants and masturbated in front of the female worker and touched the front of her thigh.

79. The Lithonia Police Department knew or should have known that Defendant Wilborn had the propensity to engage in sexual misconduct while on duty as a police officer - based on their own background investigation.

80. On September 26th, 2019, while on duty with the Lithonia Police Department, Defendant Wilborn did engage in sexual misconduct, which caused Plaintiff injury.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. compensatory damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B. punitive damages on all claims allowed by law against Defendant Wilborn and The City of Lithonia in an amount to be determined at trial;

C. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

D. pre- and post-judgment interest at the lawful rate; and,

E. any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

Respectfully submitted the 24th day of May 2021[1]

/s/ **Harry Daniels, Esq.**
Georgia Bar No. 234158
Attorney for Plaintiff

**THE LAW OFFICES OF HARRY M. DANIELS, LLC.**

233 Peachtree St NE
Suite 1200
Atlanta, Georgia 30303
Tel: (678) 664-8529
Fax: (800) 867-5248
daniels@harrymdaniels.com

---

[1] This is to further certify that the foregoing document was prepared using 14 pt. Times New Roman font.